UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JESSIE LEE SNYDER,<br><br>               Plaintiff,<br>    v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>               Defendants. | Case No. 3:16-cv-6033-TLF<br><br>ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

Jessie Lee Snyder has brought this matter for judicial review of the Commissioner's denial of her application for supplemental security income (SSI) benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Court affirms the Commissioner's decision denying benefits.

FACTUAL AND PROCEDURAL HISTORY

On June 18, 2013, Ms. Snyder filed an application for SSI benefits, alleging that she became disabled beginning March 1, 2006. Dkt. 11, Administrative Record (AR) 15. That application was denied on initial administrative review and on reconsideration. *Id.* A hearing was

ORDER - 1

held on March 3, 2015, before an administrative law judge (ALJ).[1] AR 34-62. Ms. Snyder appeared and testified, as did a vocational expert. *Id.*

In a written decision on April 3, 2015, the ALJ found that Ms. Snyder could perform jobs existing in significant numbers in the national economy and therefore was not disabled. AR 15-28. The Appeals Council denied Ms. Snyder's request for review on October 21, 2016, making the ALJ's decision the final decision of the Commissioner. AR 15; 20 C.F.R. § 416.1481. Ms. Snyder appealed that decision in a complaint filed with this Court on December 19, 2016. Dkt. 1.

Ms. Snyder seeks reversal of the ALJ's decision and remand for further administrative proceedings, arguing the ALJ erred in evaluating the medical evidence. For the reasons set forth below, however, the Court affirms the decision to deny benefits.

DISCUSSION

The Commissioner employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If the ALJ finds the claimant disabled or not disabled at any particular step, the ALJ makes the disability determination at that step and the sequential evaluation process ends. *See id*. At issue here is the ALJ's evaluation of the medical opinion evidence in assessing Ms. Snyder's residual functional capacity (RFC) to work.

This Court affirms an ALJ's determination that a claimant is not disabled if the ALJ applied "proper legal standards" in weighing the evidence and making the determination and if "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Trevizo v. Berryhill*, No.

---

[1] Ms. Snyder also filed an application for disability insurance benefits on June 17, 2013. AR 15. Like her SSI application, that claim was denied initially and on reconsideration. *Id.* However, Ms. Snyder voluntarily withdrew her claim for disability insurance benefits at the March 2015 hearing. *Id.*

ORDER - 2

15-16277, —— F.3d ——, 2017 WL 2925434, at *7 (9th Cir. July 10, 2017) (quoting *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988)). This requires "'more than a mere scintilla,'" though "'less than a preponderance'" of the evidence. *Id.* (quoting *Desrosiers*, 846 F.2d at 576).

This Court will thus uphold the ALJ's findings if "inferences reasonably drawn from the record" support them. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). If more than one rational interpretation can be drawn from the evidence, then this Court must uphold the ALJ's interpretation. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

I. <u>The ALJ's Evaluation of the Medical Opinion Evidence</u>

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the evidence is inconclusive, "'questions of credibility and resolution of conflicts are functions solely of the [ALJ].'" *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) (quoting *Waters v. Gardner*, 452 F.2d 855, 858 n. 7 (9th Cir. 1971)). In such situations, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" medical opinions "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can support his findings "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court

ORDER - 3

itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Trevizo*, 2017 WL 2925434, at *7. When other evidence contradicts the treating or examining physician's opinion, the ALJ must still provide "specific and legitimate reasons," supported by substantial evidence, to reject that opinion. *Id.* However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson*, 359 F.3d at 1195; *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

Dr. Alysa Ruddell evaluated Ms. Snyder in July 2014. On the form Dr. Ruddell filled in, under "[r]ecords reviewed," she wrote: "No records were available for perusal. Information in

ORDER - 4

this evaluation represents client report." AR 319. She performed a mental status exam (MSE), in which she checked boxes indicating that Ms. Snyder had a labile/tearful affect, anxious mood, paranoid content of thought, impaired recent and immediate memory, impaired concentration, impaired abstract thinking, and an impaired fund of knowledge. AR 322. Dr. Ruddell observed that Ms. Snyder's attitude and behavior, social indicators (eye contact and interactivity), stream of mental activity, and speech were all normal. *Id.* In the section for notes under the check boxes, Dr. Ruddell wrote that when asked about paranoia, Ms. Snyder "did not related [sic] symptoms of paranoia." *Id.* Dr. Ruddell further noted, "[i]t does not appear learning impairments are a factor." *Id.* And she observed that while Ms. Snyder's response to questions yielded "an abnormal MSE" for memory, "[a]lternatively, it raises concerns about effort." *Id.*

Dr. Ruddell diagnosed Ms. Snyder with anxiety disorder and somatic symptom disorder with persistent pain. AR 320.[2] She opined that Ms. Snyder is markedly limited in her ability to understand, remember, and persist in detailed tasks, learn new tasks, adapt to changes in a routine work setting, complete a workday or work week without interruptions from psychological symptoms, and set realistic goals and plan independently. AR 321.

The ALJ gave these opinions "little weight." AR 26. He explained that they were "inconsistent with the record as a whole and appear to be largely based upon the claimant's self-report of symptoms, which are exaggerated compared to her reports to her primary care provider, her gastrointestinal specialist, and her case manager at Greater Lakes." *Id.* Earlier in his decision, the ALJ found that Ms. Snyder's statements about the severity of her symptoms were not

---

[2] Dr. Ruddell also assessed Ms. Snyder with a current Global Assessment of Functioning (GAF) score of 45, suggesting serious symptoms or limitations. The ALJ accorded that score "no weight," and Ms. Snyder does not challenge that determination. AR 26; see Dkt. 13, pp. 2-5.

ORDER - 5

credible because the record showed she made "[i]nconsistent statements" and reported "exaggerated symptoms." AR 24-25.

Dr. Ruddell was an examining physician, and her opinion was not contradicted by others in the record. *See* 20 CFR 416.927(c)(1). The ALJ was therefore required to give clear and convincing reasons to reject Dr. Ruddell's opinion, and the record must support those reasons. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). The Court finds that the ALJ did not err in discounting Dr. Ruddell's opinion, as both of the reasons the ALJ offered were clear and convincing and the record supports them.

First, the record supports the ALJ's finding that the marked limitations Dr. Ruddell assessed were "inconsistent with the record as a whole." The ALJ discussed several inconsistencies between Ms. Snyder's medical record and the symptoms she reported, which are similar to the symptoms Dr. Ruddell observed. AR 23-25. For example, although Dr. Ruddell described Ms. Snyder as irritable, challenging, and withdrawn, Ms. Snyder's treatment notes throughout her visits to Greater Lakes Mental Healthcare describe her as pleasant, cooperative, forthcoming, and goal directed, with a bright affect. AR 23, 337-46. Although Ms. Snyder testified at trial to experiencing three to four panic attacks per week and told Dr. Ruddell that she was afraid "of everybody" and that depression and anxiety bothered her every day, she did not report such severe symptoms in her regular visits to Greater Lakes. AR 47, 322-23, 337-46. She told a doctor at Tacoma General Hospital that she had "occasional" panics. AR 451. Such a lack of reported symptoms in medical visits can provide a clear and convincing reason to discount a claimant's testimony. *See Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006).

Although Ms. Snyder points to diagnoses of depression from Dr. Natalie Nunes, Dr. Nunes made no abnormal findings in the objective portions of her exams and apparently relied

entirely on Ms. Snyder's subjective reports of tension or stress, anxiety, depression, and various sleep troubles. *See* AR 435-36, 461. And while Ms. Snyder also cites disability reviewer Dr. Sorino Rhone's note of "mild depression," that was part of Dr. Rhone's systems review, which focuses on the patient's self-reported symptoms; Dr. Rhone did not diagnose depression. AR 299-300. As discussed below, the ALJ determined that Ms. Snyder's reports of her mental-health symptoms were not entirely reliable and Ms. Snyder does not challenge that finding.[3]

Dr. Ruddell's opinions are also inconsistent with her own observations. Although Dr. Ruddell's findings in the MSE support her opinions, her own notes undercut or directly contradict those findings. AR 322-23. For example, Dr. Ruddell's note that Ms. Snyder did not describe symptoms of paranoia contradicts her finding of paranoia in the MSE. AR 322. Likewise, her note that she did not observe any impairments to learning directly contradicts her opinion that Ms. Snyder's ability to learn new tasks is markedly limited. AR 322-23. And her note that Ms. Snyder's response to her memory exam questions "raises concerns about effort" undermines her finding that Ms. Snyder has impaired memory. AR 322. In addition, Dr. Ruddell's observations that Ms. Snyder's attitude and behavior, social indicators, stream of mental activity, and speech were all normal appear inconsistent with her opinion that Ms. Snyder has marked limitations in understanding, remembering, or persisting in a detailed task and in adapting to changes in her work setting. AR 321-22.

This court must "review the ALJ's decision based on the reasoning and actual findings offered by the ALJ." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225–26 (9th Cir. 2009). Although

---

[3] Treatment notes at Greater Lakes support the ALJ's inference that Ms. Snyder was "motivated by secondary gain and not by the severity of her alleged symptoms." AR 24. Ms. Snyder's progress notes include numerous notes indicating Ms. Snyder was focused on proving disability and not on improving. *See, e.g.*, AR 339 (noting Ms. Snyder's comment, "I am happy being mad;" concluding "Client is seeking negative response from [staff member]"), 341 (Ms. Snyder "resistant to talking positively about self"), 344 (Ms. Snyder "very resistant to change").

ORDER - 7

the ALJ did not cite the contradictions within Dr. Ruddell's evaluation, the Court must consider the record as a whole in determining whether the record supports the ALJ's conclusion that Dr. Ruddell's findings are inconsistent with that record. See AR 26; *Molina v. Astrue*, 674 F.3d 1104, 1120-21 (9th Cir. 2012). For the reasons discussed above, the Court finds that the record supports that conclusion.

Second, the record also supports the ALJ's findings that the marked limitations Dr. Ruddell assessed were "largely based upon the claimant's self-report of symptoms," and that those reports were inconsistent with her reports to other medical providers. See AR 26.

Ms. Snyder does not challenge the ALJ's determination that her self-reported symptoms were not credible. AR 23-25; *see* Dkt. 13, p. 4. She has thus waived any challenge to that credibility finding. *See Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998) (matters not specifically and distinctly argued in opening brief ordinarily will not be considered).

Dr. Ruddell's evaluation supports the ALJ's inference that she based her opinions mainly on Ms. Snyder's self-reports. As noted above, Dr. Ruddell stated that she reviewed no records and that "[i]nformation in this evaluation represents client report." AR 319. Further, Dr. Ruddell made few clinical observations that support the limitations she assessed. As discussed above, many of the observations she did make contradicted the limitations she checked boxes for. The evaluation shows that Dr. Ruddell instead relied on Ms. Snyder's statements on a questionnaire that anxiety, panic, and fear "bothered [her] a lot" and that "nearly every day" she hides to avoid people and is too anxious or nervous to go out. See AR 323. As noted above, the severity of those subjective claims is at odds with Ms. Snyder's treatment record.

The record thus supports the ALJ's determination that Dr. Ruddell relied on Ms. Snyder's subjective reports rather than Dr. Ruddell's own clinical observations or those of other medical

sources. *See Bayliss*, 427 F.3d at 1217 ("Dr. Manfield concluded that Bayliss suffered from several mental conditions, but he based this assessment on Bayliss's complaints and information submitted by her family, her friends, and a former counselor. He did not review objective medical data or reports from treating physicians or counselors.") (internal footnote omitted). The ALJ gave two clear and convincing reasons to reject Dr. Ruddell's opinion and did not err in rejecting that opinion.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ properly determined Ms. Snyder to be not disabled. Defendant's decision to deny benefits therefore is AFFIRMED.

Dated this 26th day of July, 2017.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge